1  Berj K. Parseghian (Cal. Bar No. 200932)
   LIPPES MATHIAS LLP
2  420 Lexington Avenue, Suite 2005
   New York, New York 10170
3  Telephone: (332) 345-4500 x1695
   Email: bparseghian@lippes.com
4
5  *Attorneys for Defendant*
   *Diverse Funding Associates, LLC*
6
7
8              **UNITED STATES DISTRICT COURT**
9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10                  **WESTERN DIVISION**
11

| | |
|---|---|
| ARTIS-RAY CASH JR., | Case No. 2:24-cv-10354-WLH-SK |
| Plaintiff, | Hon. Wesley L. Hsu |
| vs. | **DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| DIVERSE FUNDING ASSOCIATES, LLC, | |
| Defendant. | |

Hearing Date:   June 20, 2025
Time:           1:30 p.m.
Courtroom:      9B

*LIPPES MATHIAS LLP*

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 20, 2025 at 1:30 p.m., or as soon thereafter as may be heard in Courtroom 9B in the United States District Court, located at 350 W. 1st Street, 9th Floor, Los Angeles, California 90012, before the Honorable Wesley L. Hsu, defendant Diverse Funding Associates, LLC, by and through its undersigned attorneys, will and hereby does move this Court, pursuant to 28 U.S.C. § 1915(e)(2)(A), for an Order dismissing plaintiff Artis-Ray Cash Jr.'s Complaint with prejudice or, in the alternative, revoking Plaintiff's *in forma pauperis* status.

This Motion is made on the grounds that Plaintiff's allegation of poverty in his Request to Proceed *In Forma Pauperis* was untrue.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Berj K. Parseghian and all exhibits thereto, all of the pleadings, records and files herein, those matters of which the Court may take judicial notice, and upon such other oral and documentary evidence as may be presented in connection with this motion.

## Local Rule 7-3 Certification

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2025.

DATED:     May 9, 2025        **LIPPES MATHIAS LLP**


*s/ Berj K. Parseghian*
Berj K. Parseghian

*Attorneys for Defendant*
*Diverse Funding Associates, LLC*

LIPPES MATHIAS LLP

- 2 -
**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

LIPPES MATHIAS LLP

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On December 2, 2024, Plaintiff Artis-Ray Cash, Jr. commenced this action and filed his Complaint alleging violations of the Fair Credit Reporting Act (15 U.S.C. § 1681) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692). (ECF No. 1.) Simultaneously with his filing of the Complaint, Plaintiff filed a Request to Proceed *In Forma Pauperis*. (ECF No. 3.)  Plaintiff – a serial litigant who has filed 21 actions in this Court apart from this action, including nearly a dozen in the past six months – failed to disclose at least two recent settlements on his Request to Proceed *In Forma Pauperis*.  Plaintiff's concealment of these settlements constitutes bad faith and an abuse of the *in forma pauperis* privilege.

Indeed, on May 6, 2025, this Court dismissed Plaintiff's complaint in another case, finding that Plaintiff "deliberately concealed his prior settlement income in order to gain access to th[e] Court without prepayment of filings fees" and "[Plaintiff's] allegation of poverty was untrue."  *See Cash v. Experian Information Solutions, Inc. et al.,* Case No. 8:25-cv-00165-JWH (ADSx).  (Parseghian Dec. ¶ 18, Ex. G.)[1]  Pursuant to 28 U.S.C. § 1915(e)(2)(A), the appropriate remedy is dismissal of Plaintiff's Complaint with prejudice.

---

[1] The Court can take judicial notice of these public filings pursuant to Federal Rule of Evidence 201, which provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001) (taking judicial notice of documents of undisputed matters of public record); *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n. 2 (9th Cir. 2022) (taking judicial notice of documents on file in federal or state courts).

**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIPPES MATHIAS LLP

## **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF CONCEALED MULTIPLE SETTLEMENTS FROM THE COURT**

### I.    Legal Standard

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). The *in forma pauperis* ("IFP") statute requires dismissal of a case if "at any time if the court determines that . . . the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A). *See also Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019).

"To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required . . . ." *Roberts*, 2019 WL 3532183, at *3 (*quoting Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015)). Bad faith "'includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees . . . .'" *Roberts*, 2019 WL 3532183, at *3-4 (dismissing complaint with prejudice because the plaintiff concealed settlement proceeds) (*quoting Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012)).

"[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3-4 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, 2020 WL 4350094 (E.D. Cal. July 29, 2020). *See also Vann*, 496 F. App'x at 115 ("dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status"). When determining if a plaintiff acted in bad faith, "a court may consider a plaintiff's familiarity with the *in*

*forma pauperis* system and history of litigation." *Vann*, 496 F. App'x at 115. *See also Roberts*, 2019 WL 3532183, at *4.

## II. Plaintiff Concealed Multiple Settlements on His IFP Application

Plaintiff is a serial filer, having filed 21 actions in this Court apart from this action – including nearly a dozen cases in just the last six months. (*See* Parseghian Dec. ¶ 2.) In all but two of these cases, Plaintiff filed an IFP application claiming poverty.[2] A review of PACER indicates that at least four of these actions resulted in settlements. (*See* Parseghian Dec. ¶¶ 4, 5, 11, 15, Exs. A, B, E, F.) On or before February 13, 2024, Plaintiff reached a settlement in the matter of *Cash v. Experian*, Case No. 23-cv-06688. (*See id.* at ¶ 4, Ex. A.) And, on or before July 22, 2024, Plaintiff reached a settlement in the matter of *Cash v. Midland Credit Management, Inc.*, Case No. 23-cv-10126, a case in which he demanded $2,000,000 in damages. (*See id.* at ¶ 5, Ex. B.)[3]

Despite numerous filed cases and several recent settlements, Plaintiff failed to disclose any settlement proceeds in his IFP application, (ECF No. 3), or his motion for reconsideration, (ECF No. 10). Question 2 of the IFP application asks "Have you received, within the past twelve months, any money from any of the following sources?" and lists sources of money, including a catchall provision for "[a]ny other income (other than listed above)." (ECF No. 3.) Plaintiff checked "no" for all sources. (*Id.*) And Plaintiff declared under penalty of perjury that the responses he made were true, correct and complete. (*Id.*)

Plaintiff's IFP application, thus, required Plaintiff to disclose the settlement proceeds he received in the twelve months leading up to his filing of the IFP

---

[2] Plaintiff's first two cases were filed with the assistance of counsel, with the other cases having been filed *in propria persona*.

[3] Plaintiff also reached settlements in two cases shortly after filing his IFP application in this case in the matters of *Cash v. Maximus, Inc.*, Case No. 24-cv-09094, and *Cash v. Vervent, Inc.*, Case No. 24-cv-10359. (*See* Parseghian Dec. ¶¶ 11, 15, Exs. E, F.)

**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

LIPPES MATHIAS LLP

1    application.  However, he failed to do so.  Instead, Plaintiff concealed crucial
2    information that was necessary for the Court to make an accurate assessment of his
3    eligibility for relief under the IFP statute.  Indeed, on May 6, 2025, this Court
4    dismissed Plaintiff's complaint in another case, finding that Plaintiff "deliberately
5    concealed his prior settlement income in order to gain access to th[e] Court without
6    prepayment of filings fees." *See Cash v. Experian Information Solutions, Inc. et al.,*
7    Case No. 8:25-cv-00165-JWH (ADSx).  (Parseghian Dec. ¶ 18, Ex. G.)  Pursuant to
8    28 U.S.C. § 1915(e)(2)(A), the appropriate remedy is dismissal of Plaintiff's
9    Complaint with prejudice.

10   **III.    Plaintiff's Concealment Was in Bad Faith**

11          As noted above, this is not the first time Plaintiff has done this.  *Cf.* Order on
12   Request to Proceed *In Forma Pauperis*, *Cash v. Caesars Entertainment, Inc.*, Case
13   No. 2:23-cv-10570-JFW-PVC (C.D. Cal. Feb. 5, 2024) (postponing ruling on
14   Plaintiff's request because of inconsistencies in the information he submitted).
15   (Parseghian Dec. ¶ 6, Ex. C.)  Plaintiff is an experienced litigant who has filed
16   twenty-one other actions in the Central District of California. (*See id.* at ¶ 3.) Plaintiff
17   filed 14 cases between August 2023 and December 2024.  (*Id.*) Plaintiff filed five
18   separate actions on December 2, 2024. (*Id.*) Out of the twenty cases in which
19   Plaintiff requested IFP status (including this case), fifteen were granted and five
20   were denied. (*See id.* at ¶¶ 4-22.)  In *Cash v. Caesars Entertainment, Inc.*, this Court
21   denied Plaintiff's IFP application, finding that Plaintiff has the ability to pay.  *See*
22   Order on Request to Proceed *In Forma Pauperis*, *Cash v. Caesars Entertainment,*
23   *Inc.*, Case No. 2:23-cv-10570-JFW-PVC (C.D. Cal. Mar. 12, 2024). (Parseghian
24   Dec. ¶ 6, Ex. D.)  And in *Cash v. Experian Information Solutions, Inc. et al.,* this
25   Court found that Plaintiff "deliberately concealed his prior settlement income in
26   order to gain access to th[e] Court without prepayment of filings fees" and
27   "[Plaintiff's] allegation of poverty was untrue." (Parseghian Dec. ¶ 18, Ex. G.)  In
28   that case, Plaintiff "d[id] not dispute that he earned income through prior settlements

LIPPES MATHIAS LLP

**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  nor that he omitted that information from his IFP Application." (*Id.*)  Plaintiff "also
2  di[d] not dispute that he omitted that information from other applications that he []
3  filed in this District." (*Id.*)

4      Plaintiff's extensive history of prosecuting claims, with cases filed in quick
5  and methodical succession, demonstrates a sophisticated and calculated litigant.
6  Plaintiff displays a pattern of familiarity with this Court's methods and procedures.
7  His failure to disclose settlements on his Request to Proceed *In Forma Pauperis*
8  constitutes bad faith.  *See Roberts*, 2019 WL 3532183, at *3 (rejecting the plaintiff's
9  claim that omission of a settlement was an oversight based on the plaintiff's
10 extensive litigation history and familiarity with the IFP process).   Therefore,
11 Plaintiff's Complaint should be dismissed with prejudice.[4]

## CONCLUSION

12
13     For the foregoing reasons, Defendant Diverse Funding Associates, LLC
14 respectfully requests that Plaintiff's Complaint be dismissed with prejudice.
15 DATED:  May 9, 2025

16                              **LIPPES MATHIAS LLP**
17                              *s/ Berj K. Parseghian*
18                              Berj K. Parseghian
19                              *Attorneys for Defendant Diverse Funding*
                                *Associates, LLC*
20
21
22
23
24
25
26
27

28 [4] If the Court is not inclined to dismiss Plaintiff's Complaint, it should, at a minimum, revoke Plaintiff's *in forma pauperis* status.

**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

LIPPES MATHIAS LLP

**LIPPES MATHIAS LLP**

1

## CERTIFICATE OF SERVICE

2    I, Berj K. Parseghian, declare as follows:

3    I am a resident of the State of New York, over the age of eighteen years, and

4  not a party to the within action.  My business address is 420 Lexington Avenue,

5  Suite 2005, New York, New York 10170.

6    On May 9, 2025, I served the within DEFENDANT DIVERSE FUNDING

7  ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

8  PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND

9  AUTHORITIES by enclosing a true copy in a sealed envelope addressed to the

10  following non-CM/ECF participant(s):

11              Artis-Ray: Cash, Jr.
               453 South Spring Street
12             Suite 400 PMB 1211
               Los Angeles, CA 90013
13

14  and depositing the envelope in the United States mail at New York, New York

15  with postage thereon fully prepaid.

16    I declare under penalty of perjury under the laws of the United States of

     America that the foregoing is true and correct.
17
         Executed on May 9, 2025 at New York, New York.
18

19              ___/s/  Berj K. Parseghian___
                       Berj K. Parseghian
20

21

22

23

24

25

26

27

28

**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**