UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH JR., <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., and MONTEREY FINANCIAL SERVICES, LLC, <br><br> Defendants. | Case No. 8:25-cv-00165-JWH-ADSx <br><br> **ORDER GRANTING DEFENDANT'S MOTON TO DISMISS [ECF No. 22]** |

Plaintiff Artis-Ray Cash, Jr. commenced this action against Defendants Experian Information Solutions, Inc. and Monterey Financial Services, LLC in January 2025.[1] Cash asserts two claims for relief against Defendants: (1) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); and (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*[2]

Cash, who appears *pro se*, also filed an application to proceed *in forma pauperis*, as well as a sworn statement regarding his available income.[3] Based upon the information that Cash provided, the Court granted his IFP Application.[4] In April 2025, however, Monterey moved to dismiss Cash's claims because Cash failed to disclose settlement income that Cash—who is a serial litigant—earned through prior FCRA cases.[5] Cash does not dispute that he earned income through prior settlements nor that he omitted that information from his IFP Application.[6] Cash also does not dispute that he has omitted that information from other applications that he has filed in this District.[7]

Pursuant to 28 U.S.C. § 1915(e)(2)(A), a court "shall dismiss" a case in which a request to proceed *in forma pauperis* was granted "if the court determines that . . . the allegation of poverty is untrue." Although the Ninth

---

[1]  *See* Complaint [ECF No. 1].
[2]  *See generally id.*
[3]  *See* Request to Proceed *in Forma Pauperis* (the "IFP Application") [ECF No. 2].
[4]  *See* Order on the IFP Application [ECF No. 7].
[5]  *See* Defs.' Mot. to Dismiss (the "Motion") [ECF No. 22].
[6]  *See* Pl.'s Opp'n to Motion (the "Opposition") [ECF No. 24].
[7]  *See id.*; *see also* Decl. of Berj K. Paseghian in Supp. of the Motion [ECF No. 23] (listing cases).

EXHIBIT G
19

Circuit has interpreted that statute to require a showing of bad faith, *see Esobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015), that requirement is satisfied by "deliberate concealment of income in order to gain access to a court without prepayment of filing fees," *Roberts v. Beard*, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019). Additionally, if the applicant "knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice." *Steshenko v. Gayrard*, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015).

In view of Cash's failure to contest that he earned settlement income from prior FCRA cases, the Court concludes that Cash's allegation of poverty was untrue. Additionally, in view of Cash's failure to explain why he omitted that information and of the various other applications in which Cash also omitted that information, the Court likewise concludes that Cash deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees. See *Roberts*, 2019 WL 3532183, at *3.

Accordingly, the Court hereby **ORDERS** as follows:

1. Monterey's instant Motion [ECF No. 22] is **GRANTED**.
2. This action is **DISMISSED with prejudice**.
3. The hearing on Monterey's Motion [ECF No. 22] and the Scheduling Conference are **VACATED**.
4. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated: May 6, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

EXHIBIT G
20
-3-