Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

Artis-Ray: Cash Jr., IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
5/12/2025
CENTRAL DISTRICT OF CALIFORNIA
BY     RYO     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr.,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Diverse Funding Associates, LLC,<br>　　　　　Defendant. | Case No.  2:24-cv-10354-WLH-SK<br><br>**Hon. Wesley L. Hsu**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S ANSWER AS UNTIMELY**<br><br>Hearing Date:　　　June 20, 2025<br>Time:　　　　　　1:30 p.m.<br>Courtoom:　　　　9B |

**I. INTRODUCTION** Plaintiff respectfully requests that the Court strike Defendant Diverse Funding Associates, LLC's Answer (Dkt. No. 22) as untimely. Defendant failed to respond to the Complaint within 21 days of being properly served, and Plaintiff had already initiated default proceedings. Defendant has not demonstrated excusable neglect or good cause for its late filing.

**II. RELEVANT FACTS**

- Plaintiff filed this action on December 2, 2024.

- Service was completed on Defendant's registered agent, Cogency Global Inc., by certified mail. USPS return receipt was signed on April 14, 2025 (see Dkt. 20).

- The Proof of Service was filed and docketed as ECF No. 25, showing service was effective on March 28, 2025. Defendant's response was due by April 18, 2025.

- Defendant did not file an Answer until May 5, 2025 (Dkt. 22), over two weeks late.

- Plaintiff timely sought entry of default prior to Defendant's filing, and deficiencies in service documentation were resolved.

**III. LEGAL STANDARD** Under Fed. R. Civ. P. 12(f), the Court may strike pleadings that are insufficient or untimely. Fed. R. Civ. P. 55(a) allows entry of default when a party fails to plead or otherwise defend.

Timeliness under Rule 12(a)(1)(A)(i) requires a defendant to serve an answer within 21 days of being served with the summons and complaint. Defendant failed to do so here.

**IV. ARGUMENT** Defendant's Answer was due on April 18, 2025, but was not filed until May 5, 2025. This delay prejudiced Plaintiff, who relied on the Rules in seeking default. Courts have struck late answers when no showing of good cause is made. See *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318 (6th Cir. 2010).

Defendant made no motion for leave to file late or any explanation for its delay. The record shows Plaintiff complied with service requirements and diligently pursued default.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S ANSWER AS UNTIMELY

**V. CONCLUSION** For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's Answer as untimely and permit Plaintiff to proceed with default judgment.

Dated: May 9, 2025

Respectfully submitted,

/s/ Artis Ray Cash Jr

**Artis-Ray: Cash Jr.**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S ANSWER AS UNTIMELY