Berj K. Parseghian (Cal. Bar No. 200932)
LIPPES MATHIAS LLP
420 Lexington Avenue, Suite 2005
New York, New York 10170
Telephone: (332) 345-4500 x1695
Email: bparseghian@lippes.com

*Attorneys for Defendant*
*Diverse Funding Associates, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ARTIS-RAY CASH JR.,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSE FUNDING ASSOCIATES, LLC,<br><br>Defendant. | Case No. 2:24-cv-10354-WLH-SK<br><br>Hon. Wesley L. Hsu<br><br>**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Hearing Date: June 20, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B |

- 1 -
**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

# INTRODUCTION

Plaintiff Artis-Ray Cash, Jr.'s motion to strike defendant Diverse Funding Associates, LLC's answer as untimely should be denied. Plaintiff is a serial litigant who has filed 22 actions in this Court, nearly a dozen of which were filed in the past six months. In addition to deliberately concealing income to obtain *in forma pauperis* status, *see* Order Granting Def.'s Mot. to Dismiss, *Cash v. Experian Information Solutions, Inc. et al.,* Case No. 8:25-cv-00165-JWH (ADSx), ECF No. 29, Plaintiff "serves" complaints without summons by mail, files false proofs of service, and then seeks default judgments, *see Artis-Ray Cash Jr. v. Velocity Portfolio Group, Inc.,* Case No. 2:24-cv-10357-JFW-MAA; *Artis-Ray Cash Jr. v. Shelter Mutual Insurance Company*, Case No. 2:24-cv-10355-FMO-JPR; *Artis-Ray Cash Jr. v. Penn Credit Corporation*, Case No. 2:25-cv-01483-MWF-AS. That is exactly what Plaintiff did in this case. Plaintiff's motion to strike is yet another abuse of the federal court system and should be denied.

# ARGUMENT

## I. There Was No Effective Service on Defendant Because No Summons Has Ever Been Issued or Served in this Case

The docket shows that no summons has ever been issued in this case – let alone served. Service of a complaint without a summons constitutes ineffective service of process. *See, e.g., Cardenas v. Region 9 IV-D*, No. 5:23-CV-01220-JWH-JC, 2023 WL 9004996, at *7 (C.D. Cal. Nov. 7, 2023), report and recommendation adopted, No. 5:23-CV-01220-JWH-JC, 2023 WL 9002726 (C.D. Cal. Dec. 28, 2023) (dismissing complaint where no summons was issued); *McDermott v. Potter*, No. C08-1846-JCC, 2009 WL 10675537, at *2 (W.D. Wash. May 29, 2009) (dismissing complaint where service was not accompanied by a summons). As a result, there was no service of process on Defendant triggering a deadline for it to respond to Plaintiff's complaint. For this reason alone, Plaintiff's motion should be denied.

## II. A Motion to Strike Is an Inappropriate Method for Challenging a Pleading as Untimely

Even apart from the defective service, striking Defendant's answer is inappropriate under these circumstances. A motion to strike is an inappropriate method for challenging a pleading as untimely. *See, e.g., Barefield v. HSBC Holdings PLC*, No. 1:18-cv-00527-LJO-JLT, 2019 WL 918206, at *2 (E.D. Cal. Feb. 25, 2019). "Indeed, 'federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme . . . , is not, by itself, a sufficient reason for granting a motion to strike.'" *Id.* at *3 (declining to strike answer filed six days late) (*quoting Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE, 2013 WL 2449498, at *1 (E.D. Cal. June 5, 2013)).

Although California Code of Civil Procedure § 415.40 provides that service by first-class mail is deemed complete on the 10th day after mailing, Plaintiff admits that Defendant's registered agent did not receive the complaint until April 14, 2025. Defendant served its answer on May 5, 2025 – within 21 days of receipt of the complaint. Under these circumstances, it is not appropriate to strike Defendant's answer. Plaintiff's motion should be denied.

## III. Plaintiff's Motion Should be Denied for Failure to Comply with Local Rule 7-3

Finally, Plaintiff filed his motion without any notice to or discussion with Defendant's counsel, in violation of Local Rule 7-3. Pursuant to Local Rule 7-4 and the Court's Standing Order for Newly Assigned Civil Cases, the Court should deny Plaintiff's motion.

**DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

## CONCLUSION

For all the foregoing reasons, Defendant Diverse Funding Associates, LLC respectfully requests that Plaintiff's motion be denied.

DATED: May 30, 2025

                                  **LIPPES MATHIAS LLP**

                                  *s/ Berj K. Parseghian*
                                  Berj K. Parseghian
                                  *Attorneys for Defendant*
                                  *Diverse Funding Associates, LLC*

# CERTIFICATE OF SERVICE

I, Berj K. Parseghian, declare as follows:

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action. My business address is 420 Lexington Avenue, Suite 2005, New York, New York 10170.

On May 30, 2025, I served the within DEFENDANT DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

>  Artis-Ray: Cash, Jr.
>  453 South Spring Street
>  Suite 400 PMB 1211
>  Los Angeles, CA 90013

and depositing the envelope in the United States mail at New York, New York with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 30, 2025 at New York, New York.

      /s/ Berj K. Parseghian
          Berj K. Parseghian