UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH JR.<br><br>Plaintiff,<br><br>v.<br><br>DIVERSE FUNDING ASSOCIATES<br><br>Defendant. | Case No. 2:24-cv-10354-WLH-SHK<br><br>**ORDER RE MOTION TO DISMISS [26]** |

    Before the Court is Defendant Diverse Funding Associates, LLC's Motion to Dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(A). (Mot., Dkt. 26). Plaintiff did not file an opposition. (*See* Notice of Non-Opposition, Dkt. 37). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 20, 2025, is **VACATED**, and the matter taken off calendar. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff Artis-Ray Cash Jr. commenced this action pro se on December 2, 2024, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (*See* Complaint, Dkt. 1). Along with his Complaint, Plaintiff filed an application to proceed in forma pauperis ("IFP"), declaring under penalty of perjury that he received an income of $2,100 per month but did not disclose any settlement proceeds received during the prior twelve months. (Dkt. 3).

On December 12, 2024, the Court denied the IFP request, finding that Plaintiff had the ability to pay the filing fee. (Dkt. 9). Plaintiff moved for reconsideration. (Dkt. 10), and the Court granted that motion on January 16, 2025, vacating its prior order and allowing Plaintiff to proceed IFP. (Dkt. 11).

Plaintiff served Defendant on March 28, 2025. (Dkt. 17). On May 5, 2025, Defendant filed its Answer. (Dkt. 22). On May 9, 2025, Defendant filed the present Motion to Dismiss (Dkt. 26). In support of its motion, Defendant submitted a declaration and court filings reflecting Plaintiff's litigation and settlement history. (Dkt. 27). Plaintiff did not file an opposition. On June 5, 2025, Defendant filed a Notice of Non-Opposition. (Dkt. 37).

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(A), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue." This provision allows courts to dismiss IFP cases upon discovering material omissions or misrepresentations about a litigant's financial status. Because the statute permits dismissal "at any time," the Court may consider this issue irrespective of the case's procedural posture or whether Defendant's filings were timely.

As the Ninth Circuit has made clear, "to proceed [IFP] is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). "To dismiss [a] complaint

pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebee's*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). Bad faith "includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees… a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation." *Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019). If the applicant "knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice." *Steshenko v. Gayrard*, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015).

      Here, Plaintiff filed an IFP application on December 2, 2024, declaring under penalty of perjury that he earned $2,100 per month and omitting any reference to recent settlement proceeds. (Mot. at 3). Plaintiff executed at least two settlement agreements within the twelve months prior to filing: one in *Cash v. Experian*, Case No. 2:23-cv-06688 (settled February 13, 2024), and another in *Cash v. Midland Credit Management, Inc.*, Case No. 2:23-cv-10126 (settled July 22, 2024). (Parseghian Decl., Exs. A–B). Plaintiff did not disclose either settlement in his IFP application.

      According to Defendant, this is not an isolated oversight. Plaintiff has filed more than 20 lawsuits in this District, many of them accompanied by IFP applications, and has routinely failed to disclose settlement income in those filings. (Parseghian Decl. at 3-6). Just weeks before the present motion was filed, another judge in this District dismissed another case brought by Plaintiff with prejudice under the same statute, based on the same concealed settlements. *See Cash v. Experian*, No. 8:25-cv-00165-JWH, Dkt. 29 at 3 (finding Plaintiff "deliberately concealed his prior settlement income in order to gain access to th[e] Court without prepayment of filing fees") (Parseghian Decl., Ex. G).

      Plaintiff did not oppose the present Motion. (*See* Notice of Non-Opposition, Dkt. 37). Under Local Rule 7-12, the Court may deem that failure as consent to granting the motion. Based on Plaintiff's failure to oppose this Motion, his failure to

3

disclose relevant settlement agreements in the December 2, 2024, IFP application and repeated concealment of income in prior IFP applications, the Court finds that the allegation of poverty was untrue and made in bad faith. Dismissal with prejudice is warranted under 28 U.S.C. § 1915(e)(2)(A).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and this action is **DISMISSED with prejudice**. In light of this ruling, Plaintiff's pending Motion to Strike Defendant's Answer as untimely (Dkt. 29) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: June 17, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE