Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

Artis-Ray: Cash Jr., IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
06/23/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  GSA  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr.,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Diverse Funding Associates, LLC,<br>　　　　　Defendant. | Case No.  2:24-cv-10354-WLH-SK<br><br>**Hon. Wesley L. Hsu**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:　　　July 25, 2025<br>Time:　　　　　　1:30 p.m.<br>Courtroom:　　　　9B |

**I. INTRODUCTION**

This Court entered an order on June 17, 2025, dismissing Plaintiff's case with prejudice based on Plaintiff's failure to oppose a Motion to Dismiss. Plaintiff respectfully requests that the Court vacate that order under Federal Rule of Civil Procedure 60(b), as Plaintiff was **physically unable to**

1

**respond** due to a serious traffic accident that occurred just days before the opposition deadline. Additionally, the underlying justification for the dismissal — an allegedly fraudulent IFP application — is factually and legally incorrect and does not rise to the level of bad faith.

## II. FACTUAL BACKGROUND

On June 4, 2025, Plaintiff was struck by a vehicle while riding a Lime scooter. Plaintiff sustained significant injuries, including a fractured hand, head lacerations requiring stitches, and leg trauma. A copy of the police report from the Los Angeles Police Department is attached as **Exhibit A**. Plaintiff was transported for emergency medical care and remained under observation and recovery through the deadline to respond to the pending motion to dismiss.

Plaintiff did not willfully ignore the Court's deadlines or oppose the motion late out of neglect — he was simply **incapacitated** due to the accident. He has acted promptly upon regaining his ability to participate in litigation and seeks relief as swiftly as possible.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that the Court may relieve a party from a final judgment due to:

- **(1)** "mistake, inadvertence, surprise, or excusable neglect"; or

- **(6)** "any other reason that justifies relief."

The Ninth Circuit has held that Rule 60(b) is "remedial in nature and must be liberally applied." See *TICOR Title Ins. Co. v. Florida*, 173 F.3d 721, 726 (9th Cir. 1999).

**IV. ARGUMENT**

**A. Plaintiff's Failure to Oppose Was Due to Excusable Neglect (Rule 60(b)(1))**

Plaintiff was injured and incapacitated due to a collision on June 4, 2025 — four days before the response deadline. The attached police report and resulting injuries establish **excusable neglect** under well-settled law. Plaintiff was not avoiding the litigation; he was unable to participate.

**B. Plaintiff's IFP Application Was Filed in Good Faith**

At the time Plaintiff filed his IFP application, he relied on:

- His **2023 tax return**,

- **Bank statements** showing limited cash flow,

- A belief that settlements paid to an LLC were **not personal income** subject to reporting.

Any misunderstanding should be seen in the light of Plaintiff's status as a **pro se litigant** and **least sophisticated consumer** — the very type of person the FCRA and FDCPA were designed to protect. Courts have repeatedly recognized that unrepresented consumers may make good-faith errors in navigating legal disclosure requirements.

**C. Relief Under Rule 60(b)(6) Is Warranted to Prevent Injustice**

Dismissal with prejudice is a harsh sanction and should not be imposed where there is no

clear finding of bad faith. Plaintiff's good-faith participation in this and other matters, along with his immediate medical emergency, constitute **extraordinary circumstances** justifying relief under Rule 60(b)(6).

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Vacate the judgment and order of dismissal** entered on June 17, 2025;

2. **Reinstate the action** so that it may proceed on the merits;

3. Grant such other and further relief as the Court deems just and proper.

Dated: June 23, 2025

Respectfully submitted,

/s/ Artis Ray Cash Jr

**Artis-Ray: Cash Jr.**