1  Berj K. Parseghian (Cal. Bar No. 200932)
   LIPPES MATHIAS LLP
2  420 Lexington Avenue, Suite 2005
   New York, New York 10170
3  Telephone: (332) 345-4500 x1695
   Email: bparseghian@lippes.com
4
   *Attorneys for Defendant*
5  *Diverse Funding Associates, LLC*

6

7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

12 | ARTIS-RAY CASH JR., | Case No. 2:24-cv-10354-WLH-SK |
   | Plaintiff, | Hon. Wesley L. Hsu |
13 | vs. | **DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B)** |
14 | DIVERSE FUNDING ASSOCIATES, LLC | |
15 | Defendant. | |
16 | | Hearing Date: July 25, 2025 |
17 | | Time: 1:30 p.m. |
   | | Courtroom: 9B |

- 1 -

DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT

## INTRODUCTION

Plaintiff Artis-Ray Cash, Jr.'s ("Plaintiff") Motion seeks relief from the Court's June 17, 2025 Order (ECF No. 39) granting Defendant Diverse Funding Associates, LLC's ("Defendant") unopposed motion to dismiss the complaint. The Court dismissed Plaintiff's Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(A) after finding Plaintiff's allegation of poverty in his application to proceed *In Forma Pauperis* ("IFP") was untrue and made in bad faith. As set forth below, Plaintiff's Motion provides no justification for his failure to timely oppose Defendant's motion to dismiss. Moreover, Plaintiff fails to offer a legitimate basis to vacate the Order, as his Motion raises more questions about concealed income. Accordingly, this Court's Order should not be disturbed, and Plaintiff's Motion should be denied.

## ARGUMENT

### I.     Legal Standard

Plaintiff's Motion seeks relief from the Order pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6) which permits the Court to relieve a party from final judgment or order due to "(1) mistake, inadvertence, surprise or excusable neglect" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 60(b)(1) permits relief from a final judgment or order entered as a result of mistake or excusable neglect, covering cases of "negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993)).

Fed. R. Civ. P. 60(b)(6) is limited to instances not covered by another ground delineated in the Rule and requires a showing of "extraordinary circumstances." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Relief under Fed. R. Civ. P. 60(b)(6) is not available unless the moving party is able to show both injury and that circumstances beyond his control prevented him from proceeding

with the prosecution of the action in a proper fashion. *Id.* (*citing United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Reconsideration of a final judgment or order pursuant to any subpart of Rule 60(b), "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources'" *CMA CGM, S.A. v. BNSF Ry. Co.*, 2025 WL 504479, at *2 (C.D. Cal. Jan. 13, 2025) (*quoting Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## II. Plaintiff's Motion Should Be Denied

Plaintiff's Motion fails to present any excusable neglect or extraordinary circumstances that justify relief from the Court's Order. Indeed, Plaintiff's Motion further supports the Court's Order dismissing the Complaint.

### a. *Plaintiff Failed to Timely Oppose Defendant's Motion*

Plaintiff's Motion should be denied for failing to provide a legitimate justification as to why he failed to file a timely opposition to Defendant's motion to dismiss. Defendant's motion to dismiss was filed and served on May 9, 2025 and set for hearing on June 20, 2025. (ECF No. 26). Pursuant to Local Rules 7-9 and 7-12, any opposition was due no later than 21 days before the scheduled hearing – *i.e.* by May 30, 2025. As discussed in the Court's Order, failure to oppose a motion may be deemed as consent to granting the motion. L.R. 7-12.

Plaintiff attributes his failure to comply with the May 30, 2025 deadline to an accident that occurred on June 4, 2025. (ECF No. 42 ¶¶ 2-4, Ex. A.) However, Plaintiff's accident occurred five days *after* his opposition was due. Thus, the accident provides no justification for Plaintiff's failure to timely oppose Defendant's motion to dismiss. This Court's determination that Plaintiff's inaction constituted acquiescence remains well-founded and should not be disturbed.

### b. *Rule 60(b)(6) Does Not Apply to These Circumstances*

Fed. R. Civ. P. 60(b)(6) is not a substitute for Fed. R. Civ. P. 60(b)(1). *Alpine Land & Reservoir Co.*, 984 F.2d at 1050. Where Plaintiff is even partly to blame for

- 3 -

DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

the circumstances leading to the motion for relief from judgment, Plaintiff must demonstrate excusable neglect. *Pioneer*, 507 U.S. at 393. Here, Plaintiff argues that relief from the Order is required because of his own misunderstanding of the IFP application process, claiming "I did not understand that private, non-wage LLC payments or confidential settlements should be listed on the IFP form as 'income.'" (ECF No. 42 ¶ 9.)

Extraordinary circumstances that permit relief pursuant to Fed. R. Civ. P. 60(b)(6) are "situation[s] which cannot fairly or logically be classified as mere 'neglect'[.]" *Pioneer*, 507 U.S. at 34 (*quoting Klapprott v. United States*, 335 U.S. 601, 613 (1949)). Here, Plaintiff's misunderstanding clearly is his own fault and no extraordinary circumstances exist. Therefore, Fed. R. Civ. P. 60(b)(6) does not apply, and Plaintiff must demonstrate excusable neglect under Fed. R. Civ. P. 60(b)(1). As detailed below, Plaintiff is unable to do so.

### c. *Plaintiff fails to Articulate Mistake or Excusable Neglect Pursuant to Fed. R. Civ. P. (b)(1)*

Excusable neglect is an equitable determination to be made by the Court that considers "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223-24. Prejudice is presumed absent a non-frivolous explanation. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir.1998). Consequently, "the reason for [the neglect]—is the most important [factor] . . . ." *El-Said v. BMW of N. Am., LLC*, 2023 WL 3551959, at *3 (C.D. Cal. Mar. 23, 2023).

Moreover, mistakes of law do not constitute "mistake" or "excusable neglect" under Rule 60(b)(1). Failure to understand or predict the legal consequences of a deliberate act does not permit an opportunity to undo those mistakes. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006); *Engleson v. Burlington N. R. Co.*, 972 F.2d 1083, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness

on the part of the litigant … provide grounds for relief under Rule 60(b)(1)."). *Pro se* litigants are held to the same standard. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir.1986) (*pro se* litigants in the ordinary civil case are not excused from compliance with procedural rules); *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears *pro se*.").

Here, Plaintiff argues that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(1) because he "did not understand that private, non-wage LLC payments or confidential settlements should be listed on the IFP form as 'income.'" (ECF No. 42 ¶ 9.) As stated above, mistakes of law do not provide grounds for a Fed. R. Civ. P. 60(b)(1) motion. Moreover, Plaintiff's contentions raise more questions about his representations about his financial status. Question 2 of the IFP application asks broadly "Have you received, within the past twelve months, any money from any of the following sources?" and lists sources of money, including a catchall provision for "[a]ny other income (other than listed above)." (ECF No. 3.) Plaintiff checked "no" for all sources. (*Id.*) Plaintiff's position that he did not have to report settlements paid to his "business LLC" is not credible. (ECF No. 42 ¶ 8.) Most importantly, Plaintiffs disclosure that he owns a "business LLC" that has received settlement payments only raises more questions about concealed income.

Plaintiff has had previous IFP applications rejected because of inconsistencies in the information he submitted. (*See, e.g.*, ECF No. 27 ¶ 6, Exs. C-D; *id.* at ¶ 18.) Plaintiff made–and continues to make–intentional decisions to withhold information from the Court. This is not the kind of "good faith" mistake for which Fed. R. Civ. P. 60(b)(1) offers a remedy.

Further, Plaintiff's Motion does nothing to obviate this Court's determinations that Plaintiff's "allegation of poverty was untrue and made in bad faith" and that "Plaintiff 'deliberately concealed his prior settlement income in order to gain access to the Court without prepayment of filing fees.'" (ECF No. 39 at p. 3-4.) Instead, as

indicated above, Plaintiff's Motion raises more questions about his conduct. Plaintiff claims that any settlements he received prior to his IFP application were paid to his "business LLC, not to [him] personally" in cases where the company was not a party. (ECF No. 42 ¶ 8; *see, e.g.*, ECF No. 27, Exs. A-B (Notice of Settlements for two separate matters made with Plaintiff personally).) According to the California Secretary of State's records, Plaintiff's company, Artis Ray Cash Jr LLC, was created on July 10, 2023.[1] Yet, Plaintiff failed to identify his company as a source of income on his IFP application. This is another example of Plaintiff's deliberate concealment of information to gain access to this Court without the payment of filing fees.

Additionally, Plaintiff continues to maintain his poor person status without disclosing the amounts of the settlements he received. While Defendant acknowledges that these settlements may be confidential, Plaintiff cannot hide behind confidential settlement terms as a basis for concealing information concerning his income from the Court. Plaintiff could have submitted the settlement amounts to the Court *in camera* or sought a protective order. Courts have repeatedly found that these types of failures to disclose income are not due to mistake or neglect but, rather, constitute bad faith. *See, e.g., Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3-4 (S.D. Cal. Aug. 2, 2019); *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3-4 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, 2020 WL 4350094 (E.D. Cal. July 29, 2020); *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012). Given Plaintiff's persistent offenses, the Court should deny Plaintiff's Motion.

---

[1] *Business Search*, CAL. SEC'Y OF STATE, https://bizfileonline.sos.ca.gov/search/business (last visited June 30, 2025).

DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

## CONCLUSION

For the foregoing reasons, Defendant Diverse Funding Associates, LLC respectfully requests that Plaintiff's Motion be denied.

DATED: July 2, 2025

                              **LIPPES MATHIAS LLP**

                              *s/ Berj K. Parseghian*
                              Berj K. Parseghian
                              *Attorneys for Defendant Diverse Funding Associates, LLC*

DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

# CERTIFICATE OF SERVICE

I, Berj K. Parseghian, declare as follows:

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action. My business address is 420 Lexington Avenue, Suite 2005, New York, New York 10170.

On July 2, 2025, I served the within DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B) by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

>Artis-Ray: Cash, Jr.
>453 South Spring Street
>Suite 400 PMB 1211
>Los Angeles, CA 90013

and depositing the envelope in the United States mail at New York, New York with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 2, 2025 at New York, New York.

       *s/ Berj K. Parseghian*
       Berj K. Parseghian

# CERTIFICATE OF SERVICE

I, Berj K. Parseghian, declare as follows:

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action. My business address is 420 Lexington Avenue, Suite 2005, New York, New York 10170.

On July 2, 2025, I served the within DIVERSE FUNDING ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B) by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

> Artis-Ray: Cash, Jr.
> 453 South Spring Street
> Suite 400 PMB 1211
> Los Angeles, CA 90013

and depositing the envelope in the United States mail at New York, New York with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 2, 2025 at New York, New York.

    *s/ Berj K. Parseghian*
    Berj K. Parseghian

LIPPES MATHIAS LLP