

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ARTIS-RAY CASH JR.,

    Plaintiff,

       v.

EXPERIAN INFORMATION SOLUTIONS, INC., and MONTEREY FINANCIAL SERVICES, LLC,

    Defendants.

Case No. 8:25-cv-00165-JWH-ADSx

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [ECF No. 31]**

Before the Court is the motion of Plaintiff Artis-Ray Cash, Jr. for relief from the Judgment in this action.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **DENIES** Cash's Motion.

## I. BACKGROUND

Cash commenced this action against Defendants Experian Information Solutions, Inc. and Monterey Financial Services, LLC in January 2025.[3] Cash asserts two claims for relief against Defendants: (1) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); and (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*[4]

Cash, who appears *pro se*, also filed an application to proceed *in forma pauperis*, as well as a sworn statement regarding his available income.[5] Based upon the information that Cash provided, the Court granted his IFP Application.[6] In April 2025, Monterey moved to dismiss Cash's claims because Cash failed to disclose settlement income that Cash—who is a serial litigant—earned through prior FCRA cases.[7] Cash did not dispute that he earned income

---

[1]     *See* Pl.'s Mot. for Relief from J. (the "Motion") [ECF No. 31].

[2]     The Court considered the documents of record in this action, including the following papers: (1) Motion; (2) Decl. of Artis-Ray Cash Jr. in Supp. of the Motion [ECF No. 32]; (3) Def.'s Memo. in Opp'n to the Motion [ECF No. 33]; and (4) Pl.'s Reply in Supp. of the Motion [ECF No. 35].

[3]     *See* Complaint [ECF No. 1].

[4]     *See generally id.*

[5]     *See* Pl.'s Request to Proceed *in Forma Pauperis* (the "IFP Application") [ECF No. 2].

[6]     *See* Order on the IFP Application [ECF No. 7].

[7]     *See* Defs.' Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 22].

through prior settlements nor that he omitted that information from his IFP Application.[8]  Cash also did not dispute that he has omitted that information from other applications that he has filed in this judicial district.[9]  Accordingly, in May 2025, the Court dismissed this action without leave to amend pursuant to 28 U.S.C. § 1912(e)(2)(A), which requires a court to dismiss a case in which a request to proceed *in forma pauperis* was granted "if the court determines that . . . the allegation of poverty is untrue."[10]

Later that month, Cash filed the instant Motion.[11]

## II.  LEGAL STANDARD

A district court may reconsider a ruling under Rule 54(b) of the Federal Rules of Civil Procedure (interlocutory orders), Rule 59(e) (motion to alter or amend a judgment), or Rule 60(b) (relief from judgment).  *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Balla v. Idaho State Bd. of Corrections*, 869 F.3d 461, 465 (9th Cir. 1989).  Under Rule 59(e), reconsideration may be appropriate when the movant demonstrates the existence of:  (1) an intervening change in the controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice.  *See School Dist. No. 1J*, 5 F.3d at 1263.  Meanwhile, Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment;

---

[8]    *See* Pl.'s Opp'n to Motion to Dismiss [ECF No. 24].

[9]    *See id.*; *see also* Decl. of Berj K. Paseghian in Supp. of the Motion [ECF No. 23] (listing cases).

[10]   *See* Order Granting Def.'s Mot. to Dismiss (the "Order") [ECF No. 29].

[11]   *See* Motion.

1    (5) satisfaction of judgment; or (6) any other reason justifying relief.  *See*

2    Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at 1263.  Rule 60(b)(6) requires

3    a showing that the grounds justifying relief are extraordinary; mere

4    dissatisfaction with the court's order or belief that the court is wrong in its prior

5    decision are not adequate grounds for relief.  *See Twentieth Century-Fox Film*

6    *Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

7             In addition, this Court's Local Rules define the situations in which a party

8    may seek the reconsideration of an order:

9             A motion for reconsideration of an Order on any motion or

10            application may be made only on the grounds of (a) a material

11            difference in fact or law from that presented to the Court that, in the

12            exercise of reasonable diligence, could not have been known to the

13            party moving for reconsideration at the time the Order was entered,

14            or (b) the emergence of new material facts or a change of law

15            occurring after the Order was entered, or (c) a manifest showing of a

16            failure to consider material facts presented to the Court before the

17            Order was entered.

18   L.R. 7-18.  A motion for reconsideration "may not be used to raise arguments or

19   present evidence for the first time when they could reasonably have been raised

20   earlier in the litigation."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877,

21   890 (9th Cir. 2000).

## III.  ANALYSIS

23            Cash argues that the Court should grant him relief from the Judgment in

24   this case because he did not intentionally omit information from his IFP

25   Application.[12]  Specifically, Cash contends that he filters the settlement income

26   he receives as result of filing FCRA actions through his business, Artis Ray Cash

---

28   [12]      *See generally id.*

-4-

Jr LLC, and Cash did not know that he was required to disclose business income.[13]

The Court is unpersuaded. The IFP Application lists "[b]usiness, profession or form of unemployment" as a type of income that must be disclosed.[14] Cash checked a box to indicate that he did not receive such income—and he now admits that his representation was untrue.[15] Moreover, the Court remains concerned that Cash has omitted information regarding his income in other cases that he has filed in this judicial district. *See, e.g.*, *Cash v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-10570-JFW-PVC (C.D. Cal.) [ECF No. 10] (admitting, after being ordered to provide additional information, that he failed to disclose information regarding unemployment income). Additionally, in some of those cases, Cash has provided information regarding his income that is inconsistent with the information that Cash provided on his IFP Application in this case. *See, e.g.*, *Cash v. Credit Control, LLC*, Case No. 2:24-cv-08447-AH-E (C.D. Cal.) [ECF No. 3] (listing Cash's last-filed tax return as having been filed in 2024 and wages per month of $2,150). And, in any event, Cash does not dispute that he failed to disclose information regarding his income from settlements and that, as such, this action may not proceed. *See* 28 U.S.C. § 1912(e)(2)(A).

Accordingly, Cash's Motion is **DENIED**.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Cash's instant Motion [ECF No. 31] is **DENIED**.

2. The hearing on Cash's Motion [ECF No. 37] is **VACATED**.

---

[13] *See id.*

[14] *See* IFP Application.

[15] *See id.*

3.    Cash's request to appear remotely [ECF No. 38] is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated:_____July 7, 2025_____

John W. Holcomb
UNITED STATES DISTRICT JUDGE