Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

Artis-Ray: Cash Jr., IN PRO PER

```
FILED
CLERK, U.S. DISTRICT COURT
7/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY     RYO     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr.,<br>            Plaintiff,<br><br>       vs.<br><br>Diverse Funding Associates, LLC,<br>            Defendant. | Case No. 2:24-cv-10354-WLH-SK<br><br>**Hon. Wesley L. Hsu**<br><br>**PLAINTIFF'S SUR-REPLY RE: NOTICE OF SUPPLEMENTAL AUTHORITY \| \| ALTERNATIVELY, MOTION FOR RECONSIDERATION** |

**I. INTRODUCTION**

Plaintiff files this Sur-Reply to rebut Defendant's misleading Notice of Supplemental Authority (ECF No. 45), which cites Cash v. Experian, Case No. 8:25-cv-00165 (C.D. Cal. Jul. 7, 2025). **New authority**—Cash v. Credit Control, Case No. 2:24-cv-08447 (C.D. Cal. Jun. 12, 2025)

1

(Exhibit A)—**directly refutes Defendant's arguments** and confirms Plaintiff's IFP status was properly granted.

**In the alternative**, Plaintiff moves for reconsideration under CDCA Local Rule 7-18, as Credit Control constitutes "material facts or legal authority" that Defendant omitted (see § III below).

## II. SUR-REPLY: DEFENDANT'S NOTICE IS MISLEADING

### A. Experian Is an Outlier Contradicted by Credit Control

1. **Same Plaintiff, Same Issues**: Both cases involved:

- Alleged "concealment" of LLC settlement payments in IFP applications;
- Identical arguments about Plaintiff's financial disclosures.

2. **Opposite Outcomes**:

- Experian revoked IFP status (no bad faith finding);
- Credit Control denied revocation, holding:

> "[I]nsufficient evidence that Plaintiff concealed [settlements] or had means to pay fees." (Ex. A, p.4).

### B. Defendant's Selective Citation Violates Rule 11

Defendant failed to cite Credit Control—a **materially identical case decided weeks earlier in the same District**—while touting Experian. This omission is **sanctionable gamesmanship**. See Buster v. Greisen, 104 F.3d 1186 (9th Cir. 1997) (counsel must cite adverse authority).

### III. ALTERNATIVE MOTION FOR RECONSIDERATION

**A. Legal Standard**

Reconsideration is warranted under Local Rule 7-18 where, as here:

1. **New authority** (Credit Control) "could not have been known" when opposing Defendant's motion; and

2. Defendant's Notice **omitted material facts** (the Credit Control conflict).

**B. Credit Control Controls and Requires IFP Reinstatement**

1. **Binding 9th Circuit Law Applied**:

    • Credit Control correctly followed Escobedo v. Applebees, 787 F.3d 1226 (9th Cir. 2015) (requiring **proof of bad faith** to revoke IFP).

    • Experian ignored this standard.

2. **Identical Factual Scenario**:

    • Both cases involved **LLC settlements** and **IFP confusion**;

    • Credit Control held this confusion **negated bad faith**.

### IV. RELIEF REQUESTED

The Court should:

1. **STRIKE** Defendant's Notice (ECF No. 45) as misleading;

2. **GRANT** Plaintiff's Motion for Relief from Judgment (ECF No. 40); or

3. **ALTERNATIVELY**, grant reconsideration and reinstate IFP status.

Respectfully submitted,

Dated: July 11, 2025

/s/ Artis Ray Cash Jr

**Artis-Ray: Cash Jr.**

# CERTIFICATE OF SERVICE

I, Artis-Ray Cash, Jr., declare as follows:

I am the Plaintiff in this action, appearing pro se. On **May 12, 2025**, I served the following document:

• **PLAINTIFF'S SUR-REPLY RE: NOTICE OF SUPPLEMENTAL AUTHORITY |**

**| ALTERNATIVELY, MOTION FOR RECONSIDERATION**

on the following counsel of record via **electronic mail (email)**:

**Counsel for Defendant Diverse Funding Associates, LLC**

Berj Parseghian

LippesMathias

Email: bparseghian@lippes.com

I served the above document by transmitting a PDF copy to the email address listed above. I did not receive any message or notification that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 11, 2025 Los Angeles, California

/s/ Artis Ray Cash Jr

**Artis-Ray: Cash Jr.**

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08447-AH-(Ex) | Date | June 12, 2025 |
| Title | *Artis-Ray Cash Jr. v. Credit Control, LLC et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                None Present

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 43) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DKT. NO. 50)**

Before the Court is Defendant Credit Control, LLC's ("Credit Control") Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"). Plaintiff Artis-Ray Cash Jr. ("Plaintiff") opposes the Motion. Opp'n, Dkt. No. 46. The matter is fully briefed, and the Court heard oral argument on June 11, 2025. For the reasons set forth below, the Court DENIES Defendant's Motion.[1]

## I.    BACKGROUND

On or about September 3, 2024, Plaintiff alleges he reviewed his Experian credit report and discovered that Defendant had made a hard inquiry on or about August 8, 2024. TAC ¶ 7, Dkt. No. 42. Defendant is a debt collector. *Id.* ¶ 6. Plaintiff alleges that he never applied for credit, requested a service, or authorized any account or collection placement involving Defendant or any original creditor Defendant may represent. *Id.* ¶ 8. Plaintiff alleges that he confirmed through his

---

[1] Moreover, Plaintiff has filed a Motion for Leave to File Sur-Reply, which the Court DENIES. Dkt. No. 50.

own records, including bank statements, credit applications, and personal financial records from 2019 to 2025 that there is no account, contract, default, or financial relationship involving Defendant, or any creditor Defendant represents. *Id.* ¶ 13. Plaintiff alleges that there is no legitimate debt, account, or business relationship authorizing the access and that Defendant's inquiry was made without permissible purpose. *Id.* ¶ 14

Plaintiff filed this action on October 1, 2024. Dkt. No. 1. Plaintiff, who appears pro se, filed an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 3, which the Court granted. Dkt. No. 9. On October 30, 2024, Defendant filed a Motion to Dismiss. Dkt. No. 11. On November 12, 2024, Plaintiff filed his First Amended Complaint. Dkt. No. 15. Thereafter, on November 26, 2024, Defendant filed a Motion to Dismiss the First Amended Complaint. Dkt. No. 17. This Court subsequently granted Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC")on March 6, 2025 and outlined deficiencies that needed to be addressed by Plaintiff. Dkt. No. 35. On March 10, 2025, Plaintiff filed his SAC. Dkt. No. 36. Defendant then moved to dismiss the SAC, Dkt. No. 37, which the Court granted with leave to amend. Dkt. No. 41.

Plaintiff then filed his TAC on May 1, 2025, alleging causes of action against Defendant for: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*; and (2) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq. See generally* TAC. Defendant has filed this Motion to Dismiss the TAC. Mot. to Dismiss, Dkt. No. 43.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

### III. DISCUSSION

#### A. Request for Judicial Notice

The court may judicially notice facts that are not subject to reasonable dispute because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Schulze v. F.B.I.*, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)). "While the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the representations having been made therein." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 984 (E.D. Cal. 2012) (internal quotation marks and citation omitted).

The Court takes judicial notice of Exhibits A and B of the Paul Barkes ("Barkes") Declaration. Barkes Decl. Exs. A and B, Dkt. No. 44. Exhibit A is an order from a Telephonic Settlement Conference, dated January 26, 2024, in a previous case Plaintiff was involved with, while Exhibit B is a Notice of Settlement, dated July 22, 2024, from another previous case Plaintiff was involved with. *See id.* Given that these are court documents, the facts sought to be noticed regarding these records can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court declines to judicially notice any of the other exhibits as part of Defendant's Motion to Dismiss or Reply, as they are not necessary to the resolution of the Motion. *Walsh v. SL One Glob., Inc.*, 2022 WL 3327445, at *2 n.2 (E.D. Cal. Aug. 11, 2022).

### B. The Court Declines to Dismiss the Case on the Basis That Plaintiff Allegedly Concealed Settlements in His IFP Application

Under 28 U.S.C. § 1915(e)(2)(A), a court "shall dismiss" a case in which a request to proceed IFP was granted "if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015).

Defendant argues that Plaintiff's TAC should be dismissed because Plaintiff concealed two settlements from the Court in his IFP application and that it was done in bad faith. Mot. to Dismiss at 5–8. Defendant relies on Exhibits A and B of the Barkes Declaration to support its position.

In his IFP application, Plaintiff marked "No" as to whether he had a form of income within the last twelve months of when he filled out his IFP application, which was October 1, 2024. Dkt. No. 3. First, Exhibits A and B of the Barkes Declaration do not indicate that a final settlement was necessarily reached, nor do they indicate a dollar amount that Plaintiff received. As stated above, Exhibit A is an order from a Telephonic Settlement Conference, while Exhibit B is a Notice of Settlement. It is also not clear when exactly Plaintiff received any amount of money from the settlement, if any, as it could have been after the submission of his IFP application.

Moreover, even if there was some amount of money received at the time of the submission of the application, there is insufficient evidence that Plaintiff had the means to pay any fees at the time of his IFP application. It is entirely possible that the amount of money Plaintiff received, if any, in the settlements was negligible such that it would not have affected his ability to pay the fees. *See, e.g., Hammler v. Alvarez*, 2019 WL 549627, at *2 (S.D. Cal. Feb. 12, 2019) (declining to recommend a revocation of Plaintiff's IFP status when recent settlement checks had been issued to him in the months prior to the filing of the IFP application because the plaintiff still did not have the means to pay any fees despite the settlements).

Accordingly, the Court declines to dismiss Plaintiff's TAC or revoke Plaintiff's IFP status since there is insufficient evidence that Plaintiff concealed an

amount of money received from a settlement at the time he filed his IFP application or that he otherwise had the means to pay any fees.[2]

### C. Plaintiff Now Sufficiently Alleges His Causes of Action

Under the FCRA, "a consumer-plaintiff need allege only that [his] credit report was obtained for a purpose not authorized by the statute to survive a motion to dismiss; the defendant has the burden of pleading it obtained the report for an authorized purpose." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 487 (9th Cir. 2019). "A plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." *Id.* at 493 (citation omitted). § 1681b sets forth the permissible purposes for obtaining credit information. *See* 15 U.S.C. § 1681b.

"In general, the CCRAA 'mirrors' the FCRA, such that a CCRAA claim survives only to the extent that a FCRA claim survives." *Armstrong v. Voss & Klein, LLC*, 2024 WL 1484098, at *2 (E.D. Cal. Apr. 4, 2024) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995); *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 12 (2003)).

Here, Plaintiff now sufficiently alleges facts giving rise to a reasonable inference that Defendant obtained his credit report for an unauthorized purpose. Plaintiff alleges that there is no legitimate debt or account authorizing Defendant to access Plaintiff's Experian credit report. TAC ¶¶ 7, 14. Plaintiff also alleges that there is no business relationship, financial relationship, account, contract, or default with Defendant or any creditor it represents. *Id.* ¶¶ 13, 14. Moreover, Plaintiff alleges that he never applied for credit, requested a service, or authorized any account or collection placement involving Defendant or any creditor it may represent. *Id.* ¶ 8. Plaintiff also alleges that he never received a collection letter, phone call, or any communication identifying any account, amount owed, or origin of debt from Defendant. *Id.* ¶ 9.

---

[2] The Court declines to consider Plaintiff's arguments brought up in his Sur-Reply and denies the Motion for Leave to File Sur-Reply. *See* Dkt. Nos. 50, 51. Similarly, the Court declines to consider evidence submitted for the first time in Reply, Dkt. No. 48, and therefore denies the second request for judicial notice. *See Chavez v. AmeriGas Propane, Inc.*, 2015 WL 12859721, at *26 n.152 (C.D. Cal. Feb. 11, 2015).

Defendant argues that Plaintiff's TAC fails to state a claim because Defendant is a debt collector and that Plaintiff's debt was placed with Defendant, which used Plaintiff's credit information to collect on Plaintiff's debt. Mot. to Dismiss at 13. However, Plaintiff has now sufficiently alleged factual allegations that, when taken as true, rule out many of the potential authorized purposes for obtaining a credit report. *See Nayab*, 942 F.3d at 496–97. Specifically, Plaintiff now alleges that there was no debt,[3] TAC ¶ 14, the implication being that there was no legitimate purpose for a debt collector to access the credit report in order to collect on a debt.[4] This is more than a bare conclusion regarding the lack of permissible purpose, which is sufficient to state a plausible claim for relief. *See Nayab*, 942 F.3d at 947. These allegations taken together state a plausible claim for relief under the FCRA, and by extension, the CCRAA.

Accordingly, Defendant's Motion to Dismiss Plaintiff's TAC is denied. *See id.* at 499 ("By alleging facts giving rise to a reasonable inference that [the defendant] obtained her credit report for a purpose not authorized by statute, [the plaintiff] has asserted a plausible claim for relief under the FCRA").

---

[3] Defendant suggests that Plaintiff has been untruthful here as well, citing to Federal Rule of Civil Procedure 11. Motion to Dismiss at 9. Although the Court has accepted Plaintiff's representations for purposes of this current Motion to Dismiss based on both the IFP representations and the failure to state a claim, the Court cautions Plaintiff that the Court takes seriously each party's obligations under Rule 11, including to ensure that factual contentions have evidentiary support, regardless of whether the party is represented or not. However, no motion for sanctions has been brought pursuant to Rule 11, and the Defendant has not otherwise provided a sufficient basis to dismiss based on a suggestion that the allegations in the TAC are untruthful at this time.

[4] In Plaintiff's Opposition, he again argues that the complaint alleges that "Plaintiff had no debt or account *with Defendant*[.]" Opp'n at 2 (emphasis added). As the Court previously explained, this allegation is insufficient, because the debt does not need to have been with Defendant in order for Defendant, a debt collector, to have had a permissible purpose to collect on a debt. Nonetheless, the TAC more broadly alleges that "there is no legitimate debt, account, or business relationship authorizing the access, and that Defendant's inquiry was made without a permissible purpose." TAC ¶ 14 (emphasis omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the TAC is DENIED.  Defendant shall file and serve an answer within **fourteen (14)** days.

**IT IS SO ORDERED.**